JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Eleanor Balanda ("Eleanor"), appeals the trial court's affirmation of the denial of her application for Medicaid benefits by the Ohio Department of Job and Family Services ("the department"). After a thorough review of the record, and for the reasons set forth below, we affirm.
 {¶ 2} The facts that lead to this appeal began in 2001. On December 17, 2001, Eleanor became a resident of the Slovene Home for the Aged ("the nursing home"). In December 2004, Eleanor filed an application for Medicaid; however, the department denied her application after it determined that she and her husband, Vincent, possessed marital assets totaling $173,840.55. The department determined that Eleanor's assets were $86,920.11, which exceeded the $1,500 limit required in order to receive Medicaid.
 {¶ 3} According to Eleanor, she immediately began to spend her excess money on nursing home expenses, prescription medication costs, and other medical bills. On February 1, 2005, Vincent established the Balanda Family Trust ("the Balanda trust"). Vincent was the grantor and his niece, Irene Check, was the trustee of this irrevocable trust. Under Article II of the Balanda trust, the grantor does not have the right to terminate, modify, or amend the trust. The grantor also does not have the right to withdraw any assets. Article III under the Balanda trust allows the trustee, in her discretion, to distribute money to or for the benefit of either Eleanor or Vincent. *Page 4 
 {¶ 4} In 2005, a total of $40,800 was deposited into the Balanda trust, which included two separate deposits of $18,000 each and one deposit of $4,800.
 {¶ 5} On December 29, 2005, Eleanor submitted another application for Medicaid benefits. The balance contained in the trust was $40,857.47. On March 2, 2006, the department again denied her benefits on the basis that her available resources exceeded Medicaid's $1,500 limit. The department considered the Balanda trust assets as one of Eleanor's available resources.
 {¶ 6} On July 13, 2006, the Administrative Appeal Decision affirmed the department's decision, and on April 12, 2007, the trial court also affirmed the decision.
 {¶ 7} Eleanor brings this appeal, asserting one assignment of error for our review.
 {¶ 8} "I. The Cuyahoga Court of Common Pleas erred in failing to appropriately weigh the evidence to determine whether or not the decision of the Ohio Department of Job and Family Services made the correct determination in finding the funds transferred into and held in the Balanda family trust dated February 1, 2005 were available countable resource of Eleanor Balanda."
 {¶ 9} Eleanor argues that the trial court erred when it affirmed the department's decision to deny her Medicaid application. More specifically, she alleges that the department should not have considered the assets in the Balanda *Page 5 
trust when concluding that her resources exceeded $1,500 because she has "no ownership interest in the trust." This argument is without merit.
 {¶ 10} We review an order of an administrative agency under an abuse of discretion standard. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621, 1993-Ohio-122, 614 N.E.2d 748. "An abuse of discretion involves far more than a difference in opinion. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination, made between competing considerations. In order to have an `abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." Huffman v. Hair Surgeon, Inc. (1985),19 Ohio St.3d 83, 87, 482 N.E.2d 1248.
 {¶ 11} To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. Further, unless the construction of a statute or rule is unreasonable, reviewing courts should follow the agency's construction. Morning ViewCare Center-Fulton v. Ohio Dept of Human Servs., 148 Ohio App.3d 518,2002-Ohio-2878, 774 N.E.2d 300, at ¶ 43.
 {¶ 12} "An individual is entitled to Medicaid if he fulfills the criteria established by the State in which he lives." Schweicker v. GrayPanthers (1981), 453 U.S. 34, 36-37, 101 S.Ct. 2633, 69 L.Ed.2d 460. Two sections of the Ohio Administrative *Page 6 
Code, Ohio Adm. Code 5101:1-39-05 ("the resource rule") and Ohio Adm. Code 5101:1-39-27.1 ("the trust rule") apply in this case. The resource rule sets a resource limitation; lists types of resources; and states what constitutes a "countable resource" in order to determine whether an applicant is eligible for Medicaid. The trust rule defines the treatment of a trust (a specific type of resource) in order to determine whether a particular trust constitutes a countable resource.[1]
 The Resource Rule — Ohio Adm. Code 5101:1-39-05 {¶ 13} The resource rule imposes a resource eligibility limit of $1,500. Ohio Adm. Code 5101:1-39-05(A)(9). Resources include cash, personal property, and real property, as long as the person has an ownership interest in it; has the legal ability to access it in order to convert to cash (if not already cash); and is not legally prohibited from using it for support and maintenance. Ohio Adm. Code5101:1-39-05(A)(8). After any exemptions have been applied, the remaining resources ("countable resources") are counted towards the $1,500 limit. Ohio Adm. Code 5101:1-39-05(A)(2).
 The Trust Rule — Ohio Adm. Code 5101:1-39-27.1 {¶ 14} The department must determine whether trust property is a countable resource and/or countable income. Ohio Adm. Code5101:1-39-27.1(A)(4). Under *Page 7 
the trust rule, five types of trusts exist. Ohio Adm. Code5101:1-39-27.1(A)(3). Under Ohio Adm. Code 5101:1-39-27.1(C)(2)(a), a category two trust exists where "the assets of the individual were used to form all or part of the corpus of the trust; the trust was not established by a will; and the trust was established by the [applicant or her spouse]."
 {¶ 15} The Balanda trust is a category two trust because Eleanor's assets were used to form part of the corpus; the trust was not established by will; and the trust was established by Eleanor's husband.
 {¶ 16} Having determined that the Balanda trust is a category two trust, we must now decide whether the trust is a countable resource. Because the Balanda trust cannot be revoked by the grantor or the court, it is an irrevocable trust. Ohio Adm. Code 5101:1-39-27.1(B)(9). "If there are any circumstances under which payment from [an irrevocable] trust could be made to or for the benefit of the applicant/recipient, the portion from which payments could be made shall be considered a resource available to the applicant/recipient. The [department] shall not take into account when payments can be made. A payment that can be made only in the future satisfies this provision." (Emphasis added.) Ohio Adm. Code 5101:1-39-27.1(C)(2)(c)(i). Circumstances exist under which payments can be made from the Balanda trust for Eleanor's benefit. Because the Balanda trustee may make distributions to Eleanor, that portion of the trust must be considered one of Eleanor's countable resources. *Page 8 
 {¶ 17} Importantly, we note that under Ohio Adm. Code5101:1-39-27.1(C)(2)(e), "the availability of a trust in this category shall be considered without regard to the purpose for which the trust is established; whether the trustees have or exercise any discretion under the trust; any restrictions on when or whether distributions may be made from the trust; or any restrictions on the use of distributions from the trust." Therefore, the fact that the Balanda trustee has sole discretion to make distributions is irrelevant in determining whether the Balanda trust is a resource.
 {¶ 18} We also note that Eleanor argues that we should apply the trust rule first, and then apply the resource rule. We disagree. The resource rule states that there is a resource limitation of $1,500, and that "countable resources" are those resources that remain after any exemptions apply. It is necessary to then turn to the trust rule, to determine whether a specific trust is a countable resource. We find that the Balanda trust qualifies as a resource in determining whether Eleanor is eligible for Medicaid. Accordingly, Eleanor's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 9 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and CHRISTINE T. McMONAGLE, J., CONCUR
[1] On October 1, 2006, Ohio Adm. Code 5101:1-39-05, and Ohio Adm. Code 5101:1-39-27.1 were amended. Because Eleanor filed her application for Medicaid in 2004, we apply the versions of Ohio Adm. Code5101:1-39-05, and Ohio Adm. Code 5101:1-39-27.1 effective on November 7, 2002. *Page 1